## South Covington & Cincinnati Street Railway Company v. Wingate's Administrator.

(Decided April 22, 1915.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Release—Evidence—Weight and Sufficiency.—A settlement for injuries received by a passenger in alighting from a street car, deliberately made and ratified by the injured person after full opportunity for consideration, and under the advice of counsel acting in good faith, cannot be avoided by protestations that the injured person did not understand that she was making a settlement, but thought the money received by her was a gratuity.

ROBERT C. SIMMONS for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On September 22, 1910, Mrs. Sallie Wingate was injured by being thrown to the ground in alighting from a street car operated in Covington by the South Covington & Cincinnati Street Railway Company. On June 30, 1911, she brought this action in the Kenton Circuit Court to recover damages for her injuries. There was a verdict and judgment in her favor, and the street railway company appeals. She died pending the appeal, and the action has been revived in the name of her administrator.

The defendant company pleaded in bar of plaintiff's action a written agreement of settlement and release executed by J. N. Hutchins as attorney for plaintiff and her husband, the integrity of which release is the only question necessary to be considered.

The plaintiff sought to avoid this settlement by a denial of the authority of the attorney to effect it. She admitted that the attorney paid to her $143.00 out of the $215.00 for which her claim was settled, the attorney retaining one-third of the recovery as his fee; but sought

to explain this by charging that at the time she did so she was delirious and unable to understand the nature and effect of her act, and that she understood the money, received by her to be a gratuity.

The proof upon this issue discloses that soon after she was injured, L. F. Brown, claim agent of the street railway company, called upon her for the purpose of effecting a settlement with her; but finding that her husband was at Owensboro, he advised her to send for him, stating that no settlement could be made without his participation.

In the meantime Hutchins called upon her, having been informed by a mutual friend that she had been injured, and desired to consult with him; and when Mr. Wingate returned he went to the office of the attorney, and there signed for himself and upon behalf of Mrs. Wingate a contract with Mr. Hutchins employing him to represent them and empowering him to effect a settlement of her claim against the street railway company either by compromise or by suit. A copy of this contract was mailed to Mrs. Wingate, and she and the attorney had a number of consultations in reference to the details of the accident and manner of her injury, by way of preparations for the institution of an action.

Upon a second visit of the claim agent upon Mrs. Wingate, she informed him that she and her husband had employed Mr. Hutchins to represent them in the matter, as Mr. Wingate was obliged to return to Owensboro, and they felt that they ought to have an attorney. He then conferred with Mr. Hutchins. He sent one or more physicians to examine Mrs. Wingate on behalf of the company, and Mr. Hutchins also had two physicians examine her at his own instance and for his own information. Upon their reporting to him that they found no injury except a bruise on her hip about half the size of one's hand, an agreement to settle the claim was reached by the claim agent and the attorney on the basis of $215, $200 being for the injuries and $15 for the expenses of the husband in returning to Owensboro.

Mrs. Wingate was informed of this settlement, and on October 8, 1910, she went to the office of the attorney and there received a check for $133.33. Afterward, on November 17, 1910, she received an additional check for $10, out of the $15 included for her husband's expenses.

She later called at the office of the street car company and after assuring herself as to the amount paid by it to her attorney, expressed herself as well satisfied with the settlement.

She informed one of the physicians who examined her at the instance of Mr. Hutchins, that he was her attorney in the matter of her claim against the street railway company, and made inquiry concerning his honesty and standing.

Mrs. Wingate was thirty-one years of age; a dressmaker of such skill that her earning capacity, as she stated, was from $12 to $15 per week; and engaged in business as such upon her own account. She must have known for what purpose the money was paid to her. She must have understood what she had employed an attorney for, or at least for what purpose he was consulting with her. She must have appreciated what the object was of the visits of the claim agent of the street railway company; and she must have realized the significance of the examinations made by the several physicians, in behalf of her own attorney, and for the street railway company. There is absolutely no proof of the delirious state of mind charged in her reply.

And, in the light of these facts, her declarations that Mr. Hutchins was not employed by her, and that she did not understand that the money received by her was a settlement of her action, but thought it a mere gratuity, will not avail to nullify a settlement deliberately made and ratified by her after full opportunity for consideration, and upon and under the advice of counsel, whose good faith nothing in this record impugns. The overwhelming weight of the evidence incontestably establishes the integrity of the settlement as a fair, deliberate, well-advised compromise of her action, and being such, it cannot be avoided. L. & N. v. Carter, 66 S. W., 508, 23 R., 2017.

The trial court, therefore, erred in overruling defendant's motion for a directed verdict, and the judgment is reversed, with directions that should the evidence on another trial be the same as on this, the court will direct a verdict for the defendant.